811 F.2d 1504
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rexford Garland CASSIDY, Plaintiff-Appellant,
v.
Mr. SIELAFF, Director, Defendant-Appellee.
 No. 86-6705.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 24, 1986.
Decided Feb. 3, 1987.
 
 Before RUSSELL, HALL, and SPROUSE, Circuit Judges.
 Rexford Garland Cassidy, appellant pro se.
 William W. Muse, Office of the Attorney General of Virginia, for appellee.
 PER CURIAM:
 
 
 1
 Rexford Cassidy appeals from the denial of his motion for leave to proceed in forma pauperis with his 42 U.S.C. Sec. 1983 action. On March 3, 1986, and again in its order of April 29, 1986, the magistrate assessed Cassidy a partial filing fee of $44.40, which was 15% of the deposits made to Cassidy's prison account during the previous six months. This assessment was permissible under Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 451 U.S. 1153 (1982). Cassidy was notified that he would have sixty days in which to pay the fee or explain any special circumstances or reasons for recent withdrawals that would excuse payment in his case. Cassidy's response was that he had no funds, and that he had made only $30 in two years. The magistrate found that these assertions did not agree with the prison accounts. The magistrate repeatedly advised Cassidy that his claims could not be reviewed until the fee was paid. Cassidy appealed the magistrate's order. The district court, treating Cassidy's pleading as a motion for reconsideration of the magistrate's order assessing the partial filing fee, denied the motion.
 
 
 2
 On July 2, 1986, when the sixty-day period granted by the magistrate on April 29 had expired, Cassidy was given an additional twenty days in which to pay or provide an adequate excuse for nonpayment. Cassidy did neither, and on July 29, 1986, his motion to proceed in forma pauperis was denied.
 
 
 3
 A review of the record indicates that the district court assessed the fee properly and provided the notice and opportunity to rebut the assessment or explain special circumstances which is required by Evans v. Croom.
 
 
 4
 Accordingly, we deny leave to proceed in forma pauperis. Because the issues have recently been decided authoritatively, we dispense with oral argument and dismiss the appeal.
 
 
 5
 DISMISSED.